UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMAAL ALI BILAL,

    Plaintiff,

v.                                Case No: 2:14-cv-422-FtM-38MRM

GEO CARE, LLC, FNU GARZA, FNU
JARVIS, THE GEO GROUP, INC.,
CORRECT CARE SOLUTIONS,
LLC, DONALD SAWYER, REBECCA
JACKSON, MANUEL FERNANDEZ,
CRAIG BELOFF, MIKE CARROLL,
PAUL TIERNEY, BILL PRICE,
OATES and HEBERT,

    Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court upon review of the motion to dismiss ([Doc. #27](), Motion), filed on behalf of Defendants Wilkins, Garza, and Jarvis. Defendants move to dismiss Plaintiff's Third Amended Complaint ([Doc. #14](), Third Amend. Complaint). Plaintiff filed a response opposing Defendants' motion ([Doc. #29]()). This matter is ripe for review.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

**I.**

Plaintiff Jamaal Ali Bilal is civilly detained at the Florida Civil Commitment Center ("FCCC") under the Florida's Involuntary Civil Commitment of Sexually Violent Predators Act, Fla. Stat. § 394.910, et. seq. ("SVP Act").[2]  Plaintiff initiated this action in the Fifteenth Judicial Circuit, Palm Beach County, Florida, on February 19, 2014.  See Doc. #1.  Defendants GEO Care, Inc. Wilkins, Garza, and Jarvis removed the action to this Court because Plaintiff's Amended Complaint raised claims under 42 U.S.C. § 1983 stemming from incidents that arose while Plaintiff was civilly detained at the FCCC, located in Arcadia, Florida.  See Doc. #2.  Plaintiff currently remains civilly detained at the FCCC.

On September 24, 2014, the Court granted Defendants' motion for a more definite statement and denied Plaintiff's motion to remand the action to the state court.  See Doc. #11.  In granting Defendants' motion for a more definite statement, the Court directed Plaintiff to file a Third Amended Complaint on the Court's standardized form and to name only those persons as defendants who were responsible for the particular alleged constitutional violations on or before October 15, 2014.  Plaintiff filed his Third Amended Complaint, which was received by the Clerk on October 20, 2014.  See docket; see also Doc. #17 (granting Plaintiff's motion for an enlargement of time *nunc pro tunc*).  The Third

---

[2] This Court has previously enforced an injunction entered against Plaintiff in the Northern District of Florida in Case No. 3:99-cv-456-AC-SMD due to his prolific filing as a civil detainee at the FCCC.  See Case No. 2:14-cv-56-SPC-CM, Doc. #6 (citing Case No. 2:02-cv-421-FtM-29SPC, Doc. #21 (M.D. Fla. Aug. 25, 2005)).  The injunction requires the Court to determine "that Plaintiff has credibly alleged that he is in imminent danger of serious physical harm" to permit Plaintiff to proceed *in forma pauperis* in any further civil actions.  Because Defendants removed the case from the state court and paid the filing fee, the injunction is not applicable here.

Amended Complaint named an additional ten defendants, none of which have been served with process, due to Plaintiff's failure to provide properly completed service of process forms. See Doc. #24 (explaining that Plaintiff was permitted one final enlargement of time to complete the service of process forms for the additional defendants); see also entry Aug. 17, 2015 (noting forms received for only Defendants Beloff, Fernandez, and Carrol).

The Third Amended Complaint alleges a litany of constitutional violations stemming from Plaintiff's transport by van *outside* of the FCCC to Plaintiff's civil commitment trial in the state court located in Pensacola, Florida in September of 2013. See generally Third Amend. Complaint. In the Statement of Claim portion of the Third Amended Complaint, Plaintiff writes in summary:

> Since Mr. Bilal's trial was being conducted in Pensacola, on the date of September 10, 2103 [sic], he was transported in a van under guard by two armed guards (Garza and Jarvis) in shackles, waist chains, and a black box.
>
> At the time he departed from FCCC to attend court by van travel he was suffering two meniscus tears in his right knee.
>
> The trip to and from Pensacola, Florida is approximately 1200 miles round trip.
>
> The defendants do not allow air travel as prisoners in federal prisons do.
>
> In effort to get to Pensacola in a hurry, Defendants Garza and Jarvis were traveling a speeds in access [sic] of 90 miles an hour to and from Pensacola, FL.
>
> Defendants Garza and Jarvis did not feed Mr. Bilal but one bottle of water and a cheese sandwich to and from Pensacola [,]which caused him botulism.
>
> The van seats were cramped and aggravated Mr. Bilal's knee injuries that caused him to go through orthopedic surgeries with Dr. Brendon Connolly.

> During the transport to Pensacola, Defendant Garza was leisurely reviewing child porn on his cellphone with acquiesce [sic] of Defendant Garza [sic]. . . . .
>
> While at trial Defendants Jarvis and Garza intimidated Mr. Bilal's significant other ([M]s. Mariam Williams) and family who appeared at the trial.
>
> They [Garza and Jarvis] instructed the court bailiff's that Mr. Bilal's families [sic] were not allowed to sit in his vicinity at trial.
>
> The defendants Garza and Jarvis also engaged in verbal abuse to Mr. Bilal's significant other at trial that nearly caused fisticuffs between Jarvis and Ms. Williams.

Third Amend. Complaint at 7 (errors in original).

As relief, Plaintiff seeks compensatory damages for pain, suffering, corporal punishment and food deprivation in the amount of $200,000; punitive damages in the same amount; appointment of counsel[3]; an injunction prohibiting retaliation against Plaintiff for fling this action; and, any other relief the Court deems proper.  Id. at 9.

**II.**

Defendants Geo Care, Inc., Wilkins, Garza, and Jarvis move to dismiss Plaintiff's Third Amended Complaint.  In pertinent part, Defendants review each of the seven counts contained within the Third Amended Complaint and point out that certain counts, e.g. Counts Two, Four, and Five, include no allegations involving Defendants Jarvis, Garza, Wilkins, or GEO Care, Inc.   Additionally, Counts Four and Five are duplicative of Count One to the extent they all raise claims concerning Plaintiff's transport by van

---

[3] To the extent Plaintiff seeks appointment of counsel in his Complaint, the motion is denied.  The Court has considered all relevant factors and finds no exceptional circumstances in this case to warrant the appointment of counsel.  Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987)(citations omitted).

outside of the FCCC to his civil commitment trial in Pensacola.   With regard to all counts, Defendants argue that the facts alleged fail to state a Constitutional violation.

Plaintiff files a lengthy response opposing Defendants' motion, to which he attaches exhibits consisting of newspaper articles about GEO.[4]   Plaintiff's position is that GEO Care, Inc., "has a long history of cost cutting measures that violate the rights of residents."  Response at 1.  Plaintiff attempts to distinguish his transport by van from another resident's transport at issue in Wean v. Budz, 2013 WL 791235 (M.D. Fla. March 4, 2013).   Plaintiff submits that under Budz' direction Mr. Wean would have been allowed to eat hot food from a fast food restaurant during transport as opposed to the cheese sandwich and water he was provided.   *Inter alia*, Plaintiff maintains that "the lack of food, manacles of an injured resident, and lack of bathroom break, etc. all could have been remedied simply by putting [Plaintiff] on a plane to Pensacola. . . . . I reiterate that it's ten times cheaper and faster and more convenient than draconian van travel."  Id. at 7.

For the reasons that follow, the Court finds that: the Defendants' motion to dismiss is due to be granted; that the unserved Defendants should be dismissed under Federal Rule of Civil Procedure 4(m); that Plaintiff's other outstanding pending motions should be denied; and, that this case be closed.

**III.**

Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) Defendants

---

[4] Plaintiff's Response raises new claims not at issue in the Third Amended Complaint, which the Court will not discuss.   If Plaintiff wishes to pursue a replevin claim for lost property, he must initiate a new action to do so before the state court.

deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). Defendants do not dispute that they are state actors. See generally Motion. Defendants argue, however, that the Third Amended Complaint fails to state a Constitutional violation. Id.

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Thus, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, n. 2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Iqbal, 556 U.S. 662, 677. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted) (abrogating Conley, 355 U.S. 41 in part). Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701. Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

### A.   Claims concerning transport[5]

Plaintiff raises a Fourteenth Amendment claim stemming from Plaintiff's method of transport by van *outside* of the FCCC to his state court hearing. For example, Plaintiff takes issue with his: (1) transport by van as opposed to airplane; (2) placement in shackles and a small black box[6] during the van trip; (3) provision of a cheese sandwich and water; and (4) bathroom restriction. Third Amend. Complaint at ¶¶ 38-45.

---

[5] Defendant Wilkins is not identified in Count One.

[6] The Court takes judicial notice of the definition of a "black box." Wean v. Budz, 589 F. App'x 488, 489 fn. 1 (11th Cir. 2014). A black box is a rectangular device measuring approximately four inches by three inches that fits over a pair of handcuffs in order to limit hand movements and prevent access to the handcuff's keys holes.

As previously stated, Plaintiff is civilly detained at the FCCC under the SVP Act. Under the SVP Act, "a person determined by a court or jury to be a 'sexually violent predator' is required, following his term of incarceration, to be housed in a 'secure facility' and segregated from other detainees not committed under the law in order to receive 'control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Pesci v. Budz, 730 F.3d 1291, 1299 (11th Cir. 2013) (quoting Fla. Stat. § 394.917(2)). "The FCCC is a facility that houses approximately 600 persons involuntarily committed as sexually violent predators . . . after their terms of incarceration." Id. at 1299. As a civilly committed detainee, the Due Process Clause of the Fourteenth Amendment applies to Plaintiff's claim. Dolihite v. Maughon, 74 F.3d 1027, 1041 (11th Cir. 1996) (citing Youngberg v. Romeo, 457 U.S. 307, 322 (1982)). While residents at the FCCC, who are civilly committed, are "totally confined" and subject to internal regulations much like those established by the Florida Department of Corrections,[7] they are due a higher standard of care than those who are criminally committed. See Id. Indeed, the Eleventh Circuit Court of Appeals has held that "persons subjected to involuntary civil commitment are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Id.

The Due Process Clause provides that no State shall "deprive any person of life, liberty, or property, without due process of law. U.S. Const. amend. XIV, § 1. The Due Process Clause's substantive component "provides heightened protection against government interference with certain fundamental rights and liberty interests." Wean,

---

[7] See Fla. Stat. § 394.912(11).

589 F. App'x at 489 (citing Troxel v. Granville, 530 U.S. 57, 65 (2000) (quotation marks omitted). In general, "the involuntarily civilly committed have liberty interests under the due process clause of the Fourteenth Amendment to safety, freedom from bodily restraint, and minimally adequate or reasonable training to further the ends of safety and freedom of restraint." Id. (citing Dolihite, 74 F.3d at 1041) (other citations omitted). However, a civilly committed individual's right to freedom from bodily restraint is not absolute. Id. (citing Romeo, 457 U.S. at 319-20). In considering whether a substantive due process right has been violated, courts must balance the individual's liberty interests and the State's stated reasons for restricting that liberty. Id. (citing Romeo, 457 U.S. at 320-21).

The United States Supreme Court has upheld restrictions of liberty when they are "reasonably related to legitimate government objectives and not tantamount to punishment." Youngberg, 457 U.S. at 320 (citing Bell v. Wolfish, 441 U.S. 520, 537 (1979)). The United States Supreme Court has recognized that not every restriction imposed during confinement constitutes "punishment." See Wolfish, 441 U.S. at 537. When determining whether a particular restriction amounts to punishment under the Due Process Clause, the court must determine whether the restriction is incident to a legitimate governmental purpose or whether the restriction is imposed as punishment. See Id. at 538. Absent an institution's expressed intent to punish a detainee, this determination "generally will turn on whether there is an alternate purpose rationally connected to the restriction," and whether the restriction appears excessive based on the alternate purpose supporting it. Id. In other words, if a condition or restriction is "reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" Id. at 539-40. However, if it "is not reasonably related to a

legitimate goal- if it is arbitrary or purposeless- a court may infer that the purpose" is punishment.  Id. at 539.  In determining whether restraints are reasonably related to an institution's interest in maintaining security and order, the Court is mindful of the Supreme Court's warning that:

> [s]uch considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these consideration, courts should ordinarily defer to their expert judgment in such matters.

Id. at 540, n. 23 (citations omitted).

The Court finds the claim arising from method of Plaintiff's transport by van *outside* the FCCC to his state court hearing fails to state a Due Process claim.  The Eleventh Circuit has determined that "the use of small black box over handcuffs on sexually violent predators during trips *outside* the FCCC does not impose an additional restriction so significant that it amounts to a deprivation of a protected liberty interest."  Wean, 589 F. App'x at 490 (emphasis in original) (citing Miller v. Dobier, 634 F.3d 412, 414-15 (7th Cir. 2011)).  Wean presented basically the same issues present in the case *sub judice*. Moreover, Plaintiff does not have a liberty interest in transport by airplane as opposed to a van.  Nor, does Plaintiff have a liberty interest that is violated when he is detained in a county jail on a temporary basis in order to attend a state court hearing located some distance away from the FCCC.  See e.g Meachum v. Fano, 429 U.S. 215, 224-25 (1976) (holding that prisoners do not have a liberty interest against transfer from one institution to another within a state).

Liberally construed, as the Court is required to do, the Third Amended Complaint also appears to raise a conditions of confinement claim under the Fourteenth Amendment

because the "van seats were cramped" and aggravated Plaintiff's "knee injuries."  See e.g. Third Amend. Complaint at ¶28, see also Third Amend. Complaint at ¶42 (stating "[n]ot only is transporting Bilal under company of armed guards and shackles unnecessary, it is actually harmful to Bilal's pre-existing knee injuries he was suffering at the time of such transport.").

The Eighth Amendment prohibits cruel and unusual punishment. Thomas v. Bryant, 614 F.3d 1288, 1303-1304 (11th Cir. 2010).  Allegations about the physical conditions encountered in transportation vans, as well as the provision of food and drink during transport trips, fall within the category of condition of confinement claims, governed by the standard set forth in Rhodes v. Chapman, 452 U.S. 337, 346 (1981).  On the other hand, allegations about the severity and manner of being restrained during transportation trips fall within the category of the use of excessive force claims, governed by Whitely, 475 U.S. at 320-21 and Hudson v. McMillian, 503 U.S. 1, 5 (1992) and their progeny for convicted prisoners, but governed by Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015) for pre-trial detainees.[8]

In the context of conditions of confinement cases, the Eighth Amendment is concerned with "deprivations of essentials, food, medical care, or sanitation or other conditions intolerable for prison confinement."  Rhodes, 452 U.S. at 348.  To satisfy the objective prong for such claims, "extreme deprivations" are required, Hudson, 503 U.S.

---

[8] The Court recognizes that excessive force claims filed by pre-trial detainees is now subject to an "objectively unreasonable standard," as opposed to the subjective standard. Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015), abrogating, Bozeman v. Orum, 422 F.3d 1265 (11th Cir. 2005).  Here, the Third Amended Complaint does not contain any allegations about the manner in which the black box was applied, so no excessive force claim is present.

at 9, and only grave deprivations of "the civilized measure of life's necessities" violate the Cruel and Unusual Punishment Clause. See Rhodes, 452 U.S. at 348. The relevant state of mind for a condition claim is deliberate indifference. Bryant, at 1304 (citations omitted).

The totality of the circumstances at issue in this case (cramped van seats, application of a small black box over handcuffs, speeding in excess of 80 miles per hour, and cheese sandwich with a bottle water) do not amount to the "extreme deprivations" required to satisfy the objective prong under Hudson. Significantly, Plaintiff wore the black box restraint over his handcuffs for his trip *outside* of the FCCC in Arcadia to his state court hearing in Pensacola. The Court takes judicial notice that at the conclusion of the civil commitment trial in the state court, Plaintiff was not released from confinement at the FCCC with a finding that Plaintiff is a borderline psychopath and has a high risk for reoffending if released. See Case No. 2:14-cv-56-FtM-SPC-CM, Doc. #1-1, Pl's Exh. A).

The Court finds travel by van instead of airplane is not so extreme as to amount to a violation of the Constitution. See Wright v. J&S Extradition Services, LLC, Case No. 3:11-0464, 2012 WL 16818812 (M.D. Tenn. 2012) (citing Zanzucchi v. Wynberg, 933 F.2d 1018, 1991 WL 83937 *2 (9th Cir. 1991) (holding that there was no deliberate indifference to prisoner's existing medical condition where he was transported on a bus for 18 days with his hands and ankles retrained after being approved for transportation by any means); Juliano v. Camden County Dep't of Corr., Case No. 06-100 (FLW), 2006 WL 1210845 (D.N.J. 2006) (holding that there was no Eighth Amendment violation when the prisoner was handcuffed, leg-shackled to another inmate, transported 10 days on a bus cross-country); Jensen v. Jorgenson, Case No. 03-4200, 2005 WL 2412379 (D.S.D.

2005) (holding that there was no Eighth Amendment violation without an actual injury where a prisoner in transportation van was changed and handcuffed, not given a bathroom break for 12 hours, and subjected to extreme heat)).

Nor is use of a small black box restraint over Plaintiff's handcuffs so extreme, or unreasonable, to amount to a violation of Plaintiff's Constitutional rights. There is no allegation that Plaintiff's "knee injuries" would prohibit the use of the black box restraint over his handcuffs. See Enriquez v Florida Dep't of Corr., Case No. 2:05-cv-238-FTM-34DNF, 2008 WL 731027 (M.D. Fla. 2008) (denying defendants' motion to dismiss raising claim concerning use of black box when plaintiff had a medical note that the black box should not be used to due to his back condition). The Third Amended Complaint contains no allegations that Plaintiff ever told Defendant Jarvis or Garza that the black box caused him pain.

Nor does the Court find that providing a cheese sandwich and water as a meal during transportation outside of the FCCC violated either Plaintiff's Constitutional rights. See Smith v. City of Philadelphia, Case No. 06-3688, 2008 WL 5263916 (E.D. Pa. 2008) (dismissing case alleging conditions of transport including that the plaintiff was provided cheese sandwich and juice during transport); Hewitt v. Peery, Case No. 3:11-cv-700-HDM-VPC, 2014 WL 202568 (D. Nev. 2014) (noting that the Ninth Circuit has found that under the Eighth Amendment, prisoner need only receive food that is adequate to maintain health—the food need not be tasty or aesthetically pleasing). While it may not be the ideal meal, it is not so extreme as to violate the contemporary standards of decency.

To the extent Plaintiff claims he suffered food poisoning from the sandwich, the Third Amended Complaint does not allege a constitutional violation. Other courts have found that a single incident of food poisoning or finding a foreign object in the food does not constitute a Constitutional violation. Roberts v. Williams, 456 F.2d 819 (5th Cir. 1972) (noting that careless preparation of one meal producing food poisoning was not cruel and unusual punishment); Hewitt, 2014 WL 202568 *12 (citing Green v. Atkinson, 623 F.3d 278, 281 (5th Cir. 2010)).  This Court agrees that based upon the facts alleged in the Third Amended Complaint, Plaintiff fails to state a claim.

The Court further finds that Plaintiff's barebones allegation that Garza and Jarvis were viewing child pornography on a cell phone during the transport and did not permit him to use the bathroom amounts to a fantastic or delusional scenario.  The probability of Plaintiff being able to see any kind of photographs, much less the alleged child pornography, on the cell phone of a transport officer while restrained with handcuffs and a black box in the back of a transport van is completely fantastic.

The Court can conceive of no other constitutional violation based on the factual allegations in the Third Amended Complaint.  To the extent any claim is not addressed herein, the Court deems the claim without merit.  See e.g. Estelle v. Gamble, 429 U.S. 97, 103 (1991) (recognizing that correctional inmates must reply on prison authorities for their medical needs, but the Constitutional obligation is to provide "minimally adequate medical care."); Farmer v. Crews, 894 F. Supp. 1516, 1520 (M.D. Fla. 1992) (finding Florida inmate who was granted furlough to attend a funeral by court order still did not acquire a liberty interest, or a state created right, to attend the funeral.    The Court grants

Defendants' motion to dismiss with regard to any Due Process and conditions of confinement claims.

### C. Retaliation Claim

According to the Third Amended Complaint, Defendants Garza and Jarvis violated Plaintiff's Constitutional rights by being "verbally abusive" to Plaintiff's family and by not allowing his family to sit directly behind him at his state court hearing. Third Amend. Complaint at ¶¶ 60-61. Plaintiff believes Garza and Jarvis did not allow his family to sit "directly behind him" in retaliation for him telling his lawyer and family that the transport officers had viewed child pornography on a cellphone during the transport. Id. at ¶64.

Initially, the Court notes that verbal taunting does not amount to a Constitutional violation, especially taunts directed to Plaintiff's family and not towards him. Edwards v. Gilbert, 867 F.2d 1271, 1274 (11th Cir. 1989) (noting verbal taunts, however distressing, directed at a prisoner by prison officials do not violate inmate's constitutional rights).

To prevail on a retaliation claim, a plaintiff must establish that: (1) his speech was constitutionally protected; (2) he suffered adverse action such that official's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech. O'Bryant v. Finch, 637 F.2d 1207, 1212 (11th Cir. 2011) (internal quotations omitted); Moton v. Cowart, 631 F.3d 1337, 1341-42 (11th Cir. 2011). "To establish causation, the plaintiff must show that the defendant was 'subjectively motivated to discipline' the plaintiff for exercising his First Amendment rights." Moton, 631 F.3d at 1341 (quoting Smith v. Mosley, 532 F.3d 1270, 1278 (11th Cir. 2008)).

Defendants submit that it is plausible that allowing residents to sit in close proximity to family in court concerns matters of safety and security. Motion at 12. Further, Defendants note that it is "more plausible that the bailiff in the subject courtroom or the judge would be in a position to decide where family members or other court observer could sit at a hearing." Id.

The Court is persuaded by Defendants' argument. The Third Amended Complaint does not contain sufficient facts to establish a causal connection between the alleged protected speech and the transport officers' alleged preventing Plaintiff's family from sitting in close proximity to him at the hearing. Plaintiff, or his attorney, could have raised these concerns about where his family sat to the presiding state court judge or bailiff. Therefore, Defendants' motion is granted.

### D. Unserved Defendants

As previously mentioned, the Third Amended Complaint named an additional ten defendants, none of which have been served with process, due to Plaintiff's inactions. See Doc. #24 (explaining that Plaintiff was permitted one final enlargement of time to complete the service of process forms for the additional defendants). Pursuant to Federal Rule of Civil Procedure 4(m) in effect at the time Plaintiff filed the action, a district court may dismiss an action *sua sponte* if service is not effected within 120 days of filing the complaint. More than 120 day have past and Defendants Correct Care Solutions, GEO Care, Donald Sawyer, Rebecca Jackson, Bill Price, Oates, and Herbert are dismissed under Fed. R. Civ. P. 4(m).

On August 17, 2015, pursuant to the Court's final enlargement of time, Plaintiff submitted service forms for three of the ten unserved defendants (Beloff, who is identified

as the Security Director for the FCCC; Fernandez, the Vice President of GEO; and Carrol, who is the Secretary of the Department of Children and Families). Because the Court has determined herein that the Third Amended Complaint fails to state any Constitutional claims, the Court will not direct service on these unserved Defendants.

### E. Motion to Appoint Counsel

Plaintiff filed a motion to appoint counsel on January 25, 2016. "A civil litigant, including a prisoner pursuing a § 1983 action, has no absolute constitutional right to the appointment of counsel. The appointment of counsel is instead a privilege that is justified only by exceptional circumstances." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) (citations omitted). Although there is no comprehensive definition for what constitutes "exceptional circumstances," the Court should consider the following factors: (1) the type and complexity of the case; (2) the abilities of the individual bringing it; (3) whether the individual is in the position to adequately investigate his case; and (4) whether the evidence will consist mostly of conflicting testimony so as to require skill in cross-examination. Ulmer v. Chancellor, 69l F.2d 209, 2l3 (5th Cir. l982) (citations omitted). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the [C]ourt. Where the facts and issues are simple, he or she usually will not need such help." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993); see also Redmond v. Lake County Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (focusing on "exceptional circumstances" requirement necessary to appoint counsel).

The Court will deny Plaintiff's Motion because the facts are not complex. Plaintiff is an experienced *pro se* litigator. The adversities Plaintiff is purportedly facing thus far while litigating are common experiences for all detained plaintiffs proceeding *pro se.* To

the extent Plaintiff submits he has had limited access to the FCCC's law library, the Court has liberally given Plaintiff enlargements of time when he has so moved. See docket. Moreover, in reviewing Defendants' motion to dismiss and Plaintiff's response, the Court liberally construed Plaintiff's *pro se* responses and nonetheless determined Defendants' motion to dismiss must be granted.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendants' motion to dismiss (Doc. # 27) is **GRANTED**. This case is **DISMISSED without prejudice** as to all Defendants.

2. Defendants Correct Care Solutions, GEO Care, Donald Sawyer, Rebecca Jackson, Bill Price, Oates, and Herbert are dismissed under Fed. R. Civ. P. 4(m).

3. Plaintiff's motions (Doc. #25, #31, #33, #36, #39) and Defendants' motion to strike (Doc. #40) are **DENIED as moot**.

4. Plaintiff's motion for reconsideration (Doc. #26) is **DENIED**.

5. Plaintiff's motion to appoint counsel (Doc. #41) is **DENIED**.

6. The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of January, 2016.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

FTMP-1
Copies: All Parties of Record