UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMAAL ALI BILAL,

      Plaintiff,

v.                                         Case No: 2:14-cv-422-FtM-38MRM

GEO CARE, LLC, FNU GARZA, FNU
JARVIS, THE GEO GROUP, INC.,
CORRECT CARE SOLUTIONS,
LLC, DONALD SAWYER, REBECCA
JACKSON, MANUEL FERNANDEZ,
CRAIG BELOFF, MIKE CARROLL,
PAUL TIERNEY, BILL PRICE,
OATES and HEBERT,

      Defendants.
_____/

**ORDER**[1]

Before the Court is Plaintiff's Motion to Reinstate Case (Doc. 66) filed December 6, 2018. Plaintiff, pursuant to Fed. R. Civ. P 60(b)(6), moves to reopen this case based upon the Eleventh Circuit's holding in *Bilal v. Fennick*, No. 17-12062, 11th Cir., October 25, 2018.[2] Specifically, Plaintiff's contends that the Court "erroneously dismissed" the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Eleventh Circuit Court of Appeals remanded *Bilal v. Fennick*, 2:16-cv-799-FtM-29CM to this Court finding that the Court erred in relying upon a filing injunction imposed by the District Court for the Northern District of Florida in denying Bilal's motion for IFP absent notice to plaintiff.

above captioned action based upon a filing injunction entered by the United States District Court for the Northern District of Florida and seeks reinstatement of the case. Doc. 66 at 2. Also pending is Plaintiff's Motion for Court to Serve Defendants with Copy of Complaint Before Ruling by U.S. Magistrate Judge (Doc. 68) filed January 9, 2019. For the reason set forth below, the Court lacks jurisdiction to consider Plaintiffs' Motions.

Contrary to Plaintiff's assertions, the Court did not rely upon a filing injunction in dismissing this case. Instead, the Court granted Defendants' motion to dismiss Plaintiff's Third Amended Complaint on January 28, 2016. *See* Doc. 42. Judgement was entered the next day (Doc. 43) and, after the Court denied Plaintiff's various post judgment motions (Doc. 58), Plaintiff filed a notice of appeal on April 18, 2016 (Doc. 60). Plaintiff's appeal remains pending in the United States Court of Appeal for the Eleventh Circuit. *See* Court of Appeal Docket #16-11722.

Absent exceptions, not present here, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal." *United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013) (quoting *United States v. Tovar–Rico,* 61 F.3d 1529, 1532 (11th Cir.1995) (internal quotations and citations omitted)). See also, Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003). Consequently, when a party files an appeal, "the district court is divested of jurisdiction to take *any* action with regard to the matter except in aid of the appeal." *Id.* (quoting *Shewchun v. United States,* 797 F.2d 941, 942 (11th Cir.1986)). Federal Rule of Appellate Procedure 4(a)(4) grants this Court with jurisdiction only to dispose of a Rule 60 motion if filed no later than 28 days after judgment is entered but before a notice of appeal effectively places jurisdiction in

the Court of Appeals. *See* Fed. R. App. P. 4(a)(4)(A)(vi) and 4(a)(4)(B)(i); Mahone, 326 F.3d at 1179.

Here the Motion was filed well beyond the 28 days limit and Plaintiff's appeal remains pending with the Unites States Court of Appeals for the Eleventh Circuit. Thus, the Court is without jurisdiction to consider Plaintiff's Rule 60(b)(6) Motion to reinstate this case. As a result, Plaintiff's subsequent Motion to Serve Defendants (Doc. 68) is moot.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Reinstate Case (Doc. 66) filed pursuant to Fed. R. Civ. P. 60(b)(6) is **DISMISSED** and Plaintiff's Motion to Serve Defendants (Doc. 68) is moot and shall be terminated from the pending motions report.

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of January 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record